FILED
JUN 1 5 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

03 GF 102

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**05C 3504**

FELIPE MORROW, SHARON MORROW, )
MARVIN SIMPSON, RECO SIMPSON, )
LANARD ALLEN, MARIO MAYES, )
JAMES LEWIS, GARY MAYES, )
JABUREE SIMPSON, by parent and next )
friend SHARON MORROW, MARVA )
SIMPSON, by parent and next friend )
SHARON MORROW, RAVEN SIMPSON, by )
parent and next friend RECO SIMPSON, )
RIYA SIMPSON, by parent and next friend )
RECO SIMPSON, and LANIYAH SIMPSON, )
by parent and next friend LANARD ALLEN, )
)
    Plaintiffs, )
)
vs. )
)
FORD HEIGHTS POLICE DEPARTMENT, )
CHIEF CECIL COOK, OFFICER EVANS )
and OFFICER EPPS, )
)
    Defendants. )

JUDGE AMY ST. EVE

MAGISTRATE JUDGE ASHMAN

## COMPLAINT AT LAW

    NOW COME the Plaintiffs, FELIPE MORROW, SHARON MORROW, MARVIN SIMPSON, RECO SIMPSON, LANARD ALLEN, MARIO MAYES, JAMES LEWIS, GARY MAYES, JABUREE SIMPSON, by parent and next friend SHARON MORROW, MARVA SIMPSON, by parent and next friend SHARON SIMPSON, RAVEN SIMPSON, by parent and next friend RECO SIMPSON, RIYA SIMPSON, by parent and next friend RECO SIMPSON, and LANIYAH SIMPSON, by parent and next friend LANARD ALLEN (hereinafter sometimes referred to as "PLAINTIFFS"), by and through their attorneys, GUTH, REINKE & FARNAN, LTD., and complaining against the Defendants, FORD HEIGHTS POLICE DEPARTMENT, CHIEF CECIL COOK, OFFICER EVANS and OFFICER EPPS (hereinafter sometimes referred to as "DEFENDANTS"), state as follows:

## Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

## Jurisdiction

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 and the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States and the supplemental jurisdiction of this court as codified in 28 U.S.C. §1367(a).

## Venue

3. The deprivation of constitutionally protected rights occurred within the Northern District of Illinois and venue is proper in this district.

## Parties

4. Plaintiff FELIPE MORROW is a citizen of the State of Illinois and the United States.

5. Plaintiff SHARON SIMPSON is a citizen of the State of Illinois and the United States.

6. Plaintiff MARVIN SIMPSON is a citizen of the State of Illinois and the United States.

7. Plaintiff RECO SIMPSON is a citizen of the State of Illinois and the United States.

8. Plaintiff LANARD ALLEN is a citizen of the State of Illinois and the United States. LANARD ALLEN was a minor on August 22, 2003.

9. Plaintiff MARIO MAYES is a citizen of the State of Illinois and the United States.

10. Plaintiff JAMES LEWIS is a citizen of the State of Illinois and the United States.

11. Plaintiff GARY MAYES is a citizen of the State of Illinois and the United States.

12. Plaintiff JABUREE SIMPSON is a citizen of the State of Illinois and the United States. JABURE SIMPSON was a minor on August 22, 2003.

13. Plaintiff MARVA SIMPSON is a citizen of the State of Illinois and the United States. MARVA SIMPSON was a minor on August 22, 2003.

14. Plaintiff RAVEN SIMPSON is a citizen of the State of Illinois and the United States. RAVEN SIMPSON was a minor on August 22, 2003.

15. Plaintiff RIYA SIMPSON is a citizen of the State of Illinois and the United States. RIYA SIMPSON was a minor on August 22, 2003.

16. Plaintiff LANIYAH SIMPSON is a citizen of the State of Illinois and the United States. LANIYAH SIMPSON was a minor on August 22, 2003.

17. Defendant VILLAGE OF FORD HEIGHTS ("VILLAGE") is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

18. Defendant VILLAGE OF FORD HEIGHTS was the employer and principal of Chief Cecil Cook, Officer Evans, and Officer Epps.

19. Defendants CHIEF CECIL COOK, OFFICER EVANS, and OFFICER EPPS were all agents and employees of the Ford Heights Police Department and were at all times material to this Complaint acting under color of state law, ordinance and/or regulation, statutes, customs and usages of the VILLAGE OF FORD HEIGHTS.

20. Defendant CHIEF CECIL COOK, sued individually and in his official capacity, was at all times relevant to this Complaint a duly appointed and sworn police officer of the VILLAGE OF FORD HEIGHTS engaged in the conduct complained of herein in the course and scope of his employment and while on duty.

21. Defendant OFFICER EVANS, sued individually and in his official capacity, was at all times relevant to this Complaint a duly appointed and sworn police officer of the VILLAGE OF FORD HEIGHTS engaged in the conduct complained of herein in the course and scope of his employment and while on duty.

22. Defendant OFFICER EPPS, sued individually and in his official capacity, was at all times relevant to this Complaint a duly appointed and sworn police officer of the VILLAGE OF FORD HEIGHTS engaged in the conduct complained of herein in the course and scope of his employment and while on duty.

### Facts Common To All Counts

23. On August 22, 2003, at around 8:00 p.m., Plaintiff Felipe Morrow was entertaining his family at his home at 1401 Parklane in the Village of Ford Heights, State of Illinois.

24. At the same time, the Village was having its annual Back to School Barbeque in an open field across the street from Plaintiff Felipe Morrow's house.

25. At about said time and date, a young man by the name of "A.J." rode his bike on the sidewalk in front of the Morrow house and began talking to some of the other Plaintiffs.

26. Shortly thereafter, Officer Evans and Officer Epps confronted A.J. on the sidewalk in front of Plaintiff Felipe Morrow's house.

3

27. The aforementioned officers proceeded to batter and strike A.J. with their clubs and fists on the sidewalk.

28. Shortly thereafter, Officer Miller arrived and handcuffed A.J. and put him in a squad car.

29. Officers Evans and Epps then began cussing at the Morrow family and without warning or cause started to spray everyone, including the minor Plaintiffs, with pepper spray outside the house.

30. Felipe Morrow stepped out onto the front porch to question what was happening.

31. Officer Evans then entered the Morrow household and without cause sprayed Felipe Morrow and everyone inside the house with pepper spray.

32. Felipe Morrow, Marvin Simpson, Mario Mayes and Reco Simpson were subsequently, without cause, arrested and taken to the Ford Heights Police station in handcuffs.

33. At no time before, during, or after this incident did Plaintiffs resist or indicate that they would resist the officers.

34. Felipe Morrow, Marvin Simpson, and Mario Mayes were each, without cause, given disorderly conduct citations which remain unpaid.

35. Reco Simpson was charged with assault and disorderly conduct and was subsequently dismissed from those charges after Officer Miller spoke on his behalf on his court date.

36. At no time on August 22, 2003, was it necessary for the aforementioned officers to pepper spray any of the Plaintiffs or to utilize extreme and excessive force.

37. This incident occurred in front of Plaintiffs' family and neighbors.

38. As a direct and proximate result of one or more of the aforesaid acts by the Defendants, the Plaintiffs were caused to suffer serious and permanent injury, pain, and mental anguish.

## Count I:
## Section 1983 - Excessive Force

### ON BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS

39-77. Plaintiffs repeat and re-allege paragraphs 1 through 38 of this Complaint as paragraphs 39-77 of Count I as though fully set for the herein.

78. DEFENDANTS, without right or reason, used a degree of force that was unnecessary.

4

79. Such force was objectively unreasonable in light of the facts and circumstances at the time.

80. The Village of Ford Heights has a policy, custom, or practice of allowing its officers to use excessive force against citizens.

81. The Village of Ford Heights failed to adequately supervise, train, and/or discipline its officers in the use of force.

82. Such failure exhibits deliberate and reckless indifference to the rights of the citizens in that jurisdiction.

83. As a result of Chief Cook and Officers Evans and Epps' actions, and the policies and failures of the Village of Ford Heights, Plaintiffs have suffered and will continue to suffer physical injuries and maladies, emotional distress, and financial harms.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court find:

    A. Judgment for damages in favor of Plaintiffs, and against the Defendants in an amount in excess of $ 150,000.00;

    B. costs of this suit;

    C. reasonable attorney's fees as permitted by 42 U.S.C. Section 1988;

    D. punitive damages from the individually named defendants in a sum in excess of $ 50,000.00, and;

    E. such other relief as may be proper and just.

**Count II:
Section 1983 - False Arrest**

**ON BEHALF OF PLAINTIFFS FELIPE MORROW, MARVIN SIMPSON, RECO SIMPSON AND MARIO MAYES AGAINST ALL DEFENDANTS**

84-167. Plaintiffs repeat and reallege paragraphs 1 through 83 of this Complaint as paragraphs 84 through 167 of Count II as though fully set forth herein.

168. Defendant officers without right or reason, intentionally restrained and arrested Felipe Morrow, Marvin Simpson, Reco Simpson and Mario Mayes.

169. The restraints and arrests were against Plaintiffs' will.

170. Defendant officers did not have probable cause to restrain or arrest Plaintiffs.

171. Defendant Village of Ford Heights has a policy, custom, or practice of allowing its officers to arrest citizens without probable cause.

172. The Village of Ford Heights failed to adequately supervise, train, and/or discipline its officers in the applicability of probable cause and arrests.

173. Such failure exhibits deliberate and reckless indifference to the rights of the citizens in that jurisdiction.

174. As a result of Defendant officers' actions and the policies and failures of the Village of Ford Heights, Plaintiffs have suffered and will continue to suffer physical injuries and maladies, emotional distress, and financial harms.

WHEREFORE, Plaintiffs Felipe Morrow, Marvin Simpson, Reco Simpson and Mario Mayes respectfully pray this Honorable Court find:

 A. Judgment for damages in favor of Plaintiffs, and against the Defendants in an amount in excess of $ 150,000.00;

 B. costs of this suit;

 C. reasonable attorney's fees as permitted by 42 U.S.C. Section 1988;

 D. punitive damages from the individually named defendants in a sum in excess of $ 50,000.00, and;

 E. such other relief as may be proper and just.

Respectfully Submitted,

By: _____
Guth, Reinke & Farnan, Ltd.
Attorney for Plaintiffs

Guth, Reinke & Farnan, Ltd.
161 N. Clark St., Suite 2900
Chicago, IL 60601
(312) 855-0840

6